No. 13,373.

KERN ET AL *v.* CAMPBELL.

(47 P. [2d] 688)

Decided October 2, 1933.  On rehearing original opinion adhered to May 20, 1935.

Mr. Philip Hornbein, Mr. Joseph K. Bozard, for plaintiffs in error.

Mr. Gilbert A. Walker, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Plaintiffs in error were defendants and defendant in error was plaintiff in the trial court. The parties will be referred to herein as they appeared below.

Prior to the 5th day of November, 1927, plaintiff was the owner of certain lands in Routt county, Colorado, upon which a thousand dollar deed of trust had been foreclosed and Clara Kern, one of the two defendants, now a plaintiff in error, became the owner of the public trustee's certificate of purchase under said foreclosure. On October 15, 1931, plaintiff filed his complaint in this cause, alleging: That on the 5th day of November, 1927, he entered into a contract with L. A. Kern, the other defendant, as agent of Clara Kern, to purchase said certificate of purchase for a consideration of $1,148.69 and interest, and that Clara Kern was to sell and assign to plaintiff her certificate of purchase; that he paid $500 on that date and completed payment on the 27th day of February, 1929, he having first alleged that the payments were completed in full prior to the 27th day of November, 1928; that the certificate of purchase was assigned to him on October 24, 1928, on which date same was delivered to one George J. Humbert of Denver, Colorado, for plaintiff's use and benefit; that at the time of making said agreement he was placed in possession of the land and still is in possession. He then further alleges that after

he had made the full payment, the defendants, on August 2, 1929, without his knowledge or consent, obtained the certificate of purchase from Humbert; that the defendants deleted his name from the assignment clause thereof and afterwards procured a trustee's deed for the property to be issued to Clara Kern. He contends that the deed from the public trustee was obtained through fraud and that title was held by the defendants in trust for his benefit.

Plaintiff further alleges that defendant Clara Kern conveyed said property to the other defendant, L. A. Kern, on October 2, 1929, for the consideration of ten dollars, and that thereafter the defendant L. A. Kern, in furtherance of a conspiracy to defraud plaintiff, gave a deed of trust on said property to S. F. Stukey, one of the original defendants in the case, for the sum of $650; he further alleges certain tax sales, claiming the tax certificates were assigned to the defendant, L. A. Kern; that said certificates were void because L. A. Kern held the title to said land; that Daniel Stukey applied for a tax deed for the purpose of defrauding plaintiff during the time that said Stukey was the assessor of Routt county, had assessed said lands to the plaintiff, and knew that plaintiff was the owner; that the defendants collected rent for the premises, and plaintiff insists that all of these subsequent interests are void and of no effect. It is further alleged that plaintiff made demand on defendants for a conveyance of the property to him, which they refused; that in the meantime plaintiff had agreed to sell said land to one John Monger for $2,000 and because of the above recited intervening conditions, he was damaged in the sum of $2,000. He then alleges a pretended assignment of the L. A. Kern deed of trust, by S. F. Stukey to the First National Bank, and that the bank, on September 15, 1931, demanded that the public trustee sell said property on October 17, 1931; he charges that the assignment to the bank was without consideration and was for the purpose of defrauding plaintiff. Plaintiff prays for spe-

cific performance, asking that these subsequent instruments be declared null and void and that defendants be compelled to execute and deliver to him a deed for the premises or if specific performance cannot be had, then for judgment against the defendants in the sum of $2,000.

The original complaint was amended by interlineation, without a record leave of court, changing the date of alleged full payment therein, and to this complaint defendants, other than L. A. Kern and Clara Kern, filed their answer making issue on the allegations of the original complaint. Thereafter on April 28, 1932, by stipulation, the defendants, L. A. Kern and Clara Kern, were permitted to file an amended answer to which the court sustained in part a motion to make said answer more definite and certain. On November 7, 1932, L. A. Kern and Clara Kern filed their second amended answer putting in issue all matters of the complaint, denying the agreement pleaded by plaintiff, and setting out a different agreement, which is as follows:

"Denver Colo. Nov. 5th, 1927.
"Charles F. Ehrenkrook, Real Estate Broker, 308 Ideal Bldg., Phone Main 8104.

"Option

"Received of Ernest Campbell the sum of Five Hundred Dollars as part payment on the following real estate, to-wit: A certain 280 acres 14 miles Northwest of Steamboat Springs, Colo., known as Jones and Higginbottom place, and now belonging to Clara Kern by virtue of foreclosure. The entire price to be paid for said above described real estate is not to exceed $1,500.00 Dollars, and is to be paid as follows: Five Hundred paid down upon the signing of this option, receipt of which is hereby acknowledged, balance when figured up by Brown of the First National Bank of Steamboat Springs, to be paid on or before 30 days from this date. Warranty Deed or quit claim deed to be executed and delivered by the said

Clara Kern to Ernest Campbell, his heirs or assigns on or before the 5th day of Dec., 1927, together with abstract showing good and sufficient title to the same.

"Provided, however that the payment of balance as set forth above is tendered or paid at said date. If the said payment of balance as set forth above is not paid or tendered on or before the said 5th day of Dec., 1927, then this contract to be void and of no effect and both parties released from all obligations herein, and in that event said Five Hundred ($500.00) paid on this date to be held by said L. A. Kern as liquidated damages.

"L. A. Kern
"Ernest Campbell."

The answer in continuance admits the land described in the above agreement is the same land described in plaintiff's complaint; that the amount computed under said agreement was $1,232.69, and that plaintiff did not exercise his option to purchase after several extensions, the last being about November 1, 1928; that at the time of the last extension, the agreed balance was $30, to be paid on or before November 17, 1928, with penalty for nonperformance to the effect that all payments before made were to be held by the defendant, L. A. Kern, as liquidated damages. The answer further alleges that prior to the agreement, defendant, Clara Kern, agreed to sell the land to L. A. Kern for the sum mentioned and that L. A. Kern, while able, willing and ready to perform under said contract, exercised his right to declare the contract void because of default by the plaintiff. The answer contains other allegations, but it is unnecessary to here discuss them.

Plaintiff replied to said second amended answer admitting the contract pleaded by defendant; that $1,232.69 was the amount to be paid; admits receiving several letters requesting payment; but alleges that full payment had been made. The reply was filed February 28, 1933, and March 9, 1933, defendants Clara Kern and L. A.

Kern, each moved by identical motions for judgment on the pleadings, on the ground that the contract pleaded by plaintiff was a different contract from that pleaded in defendants' answer and admitted in plaintiff's reply, which motions were overruled. They again were renewed and again overruled upon the commencement of the trial on June 21, 1933.

At the conclusion of the trial, the court found that specific performance could not be had; found the plaintiff was damaged in the sum of the amount paid, namely, $1,232.69, and entered judgment in that amount against the defendants. Thereafter the defendants filed their motion for a new trial on the ground that in the course of the trial, they for the first time discovered that certain letters and receipts upon which plaintiff relied to substantiate his claim of full payment had been altered; that said instruments had been submitted to George H. King, a handwriting expert and an examiner of questioned documents, and they supported their motion for a new trial by said King's report that the instruments had been altered, which motion was overruled by the trial court, and defendants bring error.

Upon the whole record, from direct evidence adduced and from the mute but appealing exhibits admitted, we feel that the circumstances of this case are such that we cannot entirely follow the well-established rule that findings of the trial court based upon conflicting testimony is conclusive upon this court. We have carefully read the entire record and the cry of unclean hands is so vociferously raised, that we must indulge in the conclusion that neither side can boast of an immaculate condition. We are persuaded that while the findings of the trial court are generally correct, we must direct a modification of its judgment in order that no person may profit by his own wrong, or escape the penalty therefor. Technical rules of procedure should not be permitted to intervene to prevent a correct delivery of justice, and we believe our conclusions are justified by the following state-

ment of the case made as it appears to us, from the record in its entirety.

An essential part of the evidence is documentary and the finding of the trial court on such matters is not conclusive on us. *Conklin v. Shaw*, 67 Colo. 169, 185 Pac. 661. Since we have decided to determine the correctness of the judgment from all the evidence, it is necessary that we compare the actions and interests of the contending parties, and from the entire record, we find, First. The plaintiff's interests are summarized as follows: In November, 1927, plaintiff entered into a contract to purchase the certificate of purchase herein mentioned owned by defendant Clara Kern. The written contract set out above shows that it was made with L. A. Kern, and whether or not L. A. Kern was contracting for himself or as the representative of Clara Kern is not of major consequence for our present purpose. The record is replete with evidence and admissions that plaintiff paid in installments at various times the full amount computed under the contract in the sum of $1,232.69; that for some reason, ostensibly for plaintiff's benefit, the certificate of purchase was placed in the hands of one George H. Humbert, his position being finally that of an escrow holder; that after said certificate of purchase was in Humbert's hands, plaintiff and defendant Kern agreed upon the further sum of $35 to be paid by plaintiff to cover some expenses incurred by Kern in connection with the last payments on the contract price made by plaintiff and for some services rendered by Humbert. The first appearance of Humbert in this transaction, as shown by the record, was under date of November 26, 1928, evidenced by Exhibit F, a letter directed to plaintiff as follows:

"Nov. 26, 1928.

"Mr. Ernest Campbell,
"Indian Hills, Colorado.
    "Dear Sir:
    "I am still holding the assignment of the Certificate

of Purchase made to you, on which there is a balance of $30.00 due.

"I wish you would come in and take this matter up immediately.

"Very truly yours,

"Geo. J. Humbert."

The above exhibit discloses that Humbert was holding the certificate of purchase, and Exhibit H, a letter from Humbert to plaintiff under date of April 28, 1929, discloses that Humbert retained said certificate until that date when he notified plaintiff that he had delivered same with other papers to defendant L. A. Kern.

Plaintiff claims, and so testifies, that he made the additional payment of $35 agreed upon and testified that L. A. Kern was unable to give him a good reason for not delivering the certificate of purchase as agreed and he alleges that he had completed the payment and was entitled to receive the certificate of purchase; that same was, without his knowledge and consent, obtained from Humbert; and that his, plaintiff's name, was deleted from the assignment clause thereof. The evidence and Exhibits F, G, H and I show urgent request of plaintiff to make the balance of payment prior to April 28, 1929.

To support plaintiff's claim and testimony to the effect that he had completed payment of the agreed balance of $35, Exhibits I and J were admitted in evidence. Said exhibits are before us and, having made a careful microscopic examination of claimed alterations, we are convinced that the finding of George H. King, expert on questioned documents, was correct. This finding was tendered to the trial court in support of defendant's motion for a new trial. It is to the effect that certain figures on Exhibits I and J had been altered with an entirely different ink from that used originally in writing the exhibits. This is discernible with the naked eye, and the evidence is made more convincing by aid of magnification. These instruments were in the possession of plain-

tiff, or someone for him, during all the time prior to date of trial. In support of plaintiff's claim that his name was deleted from the assignment clause of the certificate of purchase, the original is here presented. It was not marked as an exhibit by the court reporter, but folio 261 of the record discloses that it is Exhibit A, and it is copied into the record. The assignment clause on this certificate clearly shows a careful erasure of the name of the assignee. Humbert's letter, above set out, dated November 26, 1928, stating that he is holding the assignment of "the certificate of purchase *made to you*" convinces us that there is merit to plaintiff's contention.

It is to be remembered that plaintiff fulfilled his obligation under the original contract by full payment, but he should not be allowed to establish his equity by a claim of payment of an additional agreed amount evidenced by altered documents in his possession or under his control without some penalty therefor. To do so would be allowing him full benefit for his own wrong.

Second. Defendants' actions and interests are summarized as follows: The defendant Clara Kern received full payment of the original contract price. The defendant L. A. Kern, either for himself or for the interests of Clara Kern about which there is a dispute, claimed, and it is admitted, that there was an agreed balance of $35 due from plaintiff, without the payment of which the certificate of purchase would not be delivered to him. It is evident from the testimony and exhibits in the case that defendant L. A. Kern had considerable difficulty in obtaining the final balance from plaintiff due under the contract, and he claims that he never received the agreed balance of $35 above mentioned. Plaintiff was not taken by surprise, according to the exhibits, when the certificate of purchase was delivered to defendant L. A. Kern, but it is unconscionable that he be deprived of both his land and the full contract price paid by him in the sum of $1,232.69 by reason of the nonpayment of the small additional sum of $35. Kern could have delivered the

certificate of purchase under the original contract and maintained an action, if any he had, against plaintiff for this additional amount, and to allow defendants to support their position and hold under a forfeiture by an alteration or erasure of plaintiff's name from the assignment clause, after receiving full payment of the original contract price—if a forfeiture could be declared under such circumstance—would be a miscarriage of substantial justice, unless they were penalized therefor.

Under no justifiable hypothesis could plaintiff or defendants be allowed, in this case, under the above recited conditions, to reap full benefit according to their claims. Equity in this case relieves the plaintiff of the full extent of the forfeiture. Where there is such misconduct, akin to fraud by each party, as in this litigation, that it permeates the entire structure of the controversy, it is sufficient to set in operation a court of equity which will intervene.

The finding of the trial court that a specific performance could not be had is correct, and that part of the judgment is affirmed; but the judgment in favor of plaintiff and against the defendants for the full amount of plaintiff's demand in the sum of $1,232.69, is reversed and the trial court is directed to enter judgment for $582.69, being the full amount of the judgment entered by the trial court less $650, the amount of the deed of trust placed on said property by L. A. Kern to procure money with which to pay delinquent taxes since 1926 and expenses incident thereto.

Mr. Justice Bouck dissents.

Mr. Justice Campbell and Mr. Justice Hilliard not participating.